# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2012

Lyle W. Cayce
Clerk

FLOYD BRYANT WARE,

Plaintiff-Appellant,

versus

KAY SHEELEY, Warden, Boyd Unit;
RACHEL WEST, Classification, Boyd Unit,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 6:10-CV-306

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Floyd Ware, Texas prisoner # 1451138, moves for leave to proceed *in forma pauperis* ("IFP") on appeal. He filed a 42 U.S.C. § 1983 complaint against Senior Warden Kay Sheeley and Chief of Unit Classification Rachel West, alleging that gang members have threatened to kill him and that defendants have failed to protect him by not placing him in protective custody. The district court granted defendants' motion for summary judgment on the ground that, *inter alia*, there was no genuine issue of material fact regarding whether defendants had failed to protect Ware. The court also denied Ware leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith.

By moving for leave to proceed IFP on appeal, Ware is challenging that certification. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the certification, the appellant must pay the filing fee, or, alternatively, we can dismiss the appeal *sua sponte* under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; Rule 42.2.

The district court reviewed the summary judgment evidence and concluded that Ware had failed to show that defendants knew of and disregarded a substantial risk of serious harm. The court relied on evidence that defendants had investigated Ware's claims of life endangerment and that Ware had refused to cooperate fully with the investigations. In the brief in support of his motion for leave to proceed IFP, Ware reurges his allegations that his life is endangered. He fails meaningfully to address or respond to the district court's conclusions by pointing to evidence that substantiates his claims of life-endangerment or that shows that defendants' responses to his claims were unreasonable. *See Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). Therefore, he has failed to raise a nonfrivolous issue for appeal with respect to the dismissal of his § 1983 complaint.

No. 12-50359

The appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; Rule 42.2.

The dismissal of the appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Ware is warned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).